THE STATE v. MARLETT.

TRESPASS.—LICENSE.—In an information for trespass to lands, it was alleged that the act of trespass was done "without the consent of A," the owner of the land, "or his agent."

*Held,* that the information sufficiently alleged that the act was done "without a license from competent authority," under the statute.

APPEAL from the *Brown* Common Pleas.

RAY, J.—This was an information charging the defendant with trespass, in having entered upon certain described land "belonging to, and the property of, *Newton Bryant;* and that said defendant did then and there, without the consent or permission of him, the said *Newton Bryant,* or his agent, unlawfully cut down a quantity of saplings, commonly

called hoop-poles, to the value of two dollars, and to the damage of said, &c."

A motion to quash was sustained, and to this ruling the State excepted. No brief has been furnished by the appellee. The information, in our opinion, is sufficient. The averment that the act was done without the consent or permission of the owner or his agent, is very clearly within the meaning of the language of the statute, viz., "without a license so to do from competent authority."

The judgment is reversed, with costs, and with directions to the court below to overrule the motion to quash.

*D. E. Williamson*, Attorney General, for the State.

